UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH LYNNE HUTCHINSON, ET AL | CIVIL ACTION |
| VERSUS | NUMBER 07-574-JVP-DLD |
| DOLGENCORP, INC. | |

## MAGISTRATE JUDGE'S REPORT

This slip and fall action is before the Court on a motion to dismiss under Rule 12(b)(6) filed by defendant Dolgencorp, Inc., improperly named as "Dollar General Corporation" (rec. doc. 3).  Defendant seeks a dismissal, with prejudice, of plaintiffs' complaint based on the fact that plaintiffs' claim is prescribed due to their failure to timely serve defendant under Louisiana law (rec. doc. 9).  Alternatively, defendant seeks a dismissal, without prejudice. Id. This Court has subject matter jurisdiction over this matter on the basis of diversity jurisdiction, 28 U.S.C. §1332.

### Background

On April 4, 2005, plaintiff, Deborah Lynne Hutchinson, entered the Dollar General Store located at 5944 Airline Highway, Baton Rouge, Louisiana, and slipped and fell on a tube of lipstick located on the floor of the store (rec. docs. 1-4 and 8).  Plaintiff claims that she suffered injuries as a result of the slip and fall, including injuries to her lower back and legs.  On March 31, 2006, plaintiff and her husband, Kermit Keith Hutchinson, filed suit against Dollar General Corporation in the 19th Judicial District Court, Parish of East Baton Rouge, for Mrs. Hutchinson's personal injury damages and Mr. Hutchinson's loss of consortium, services, and society damages (rec. doc. 1-4, p. 8).  Pursuant to the petition,

plaintiffs requested a certified copy of the citation and petition for service under the Louisiana Long Arm Statute from the 19th Judicial District Court clerk, which was provided on April 5, 2006 (rec. docs. 1-4 and 4).

It is uncontested that although plaintiffs were provided with a certified copy of the citation and petition, the pleadings were not mailed to defendant via certified mail as required by the Louisiana Long Arm Statute (rec. docs. 4 and 8). Defendant was served with a copy of the citation and petition on July 23, 2007, seventeen (17) months after originally filing the petition for damages (rec. doc. 4). Defendant promptly removed plaintiffs' suit to this Court and filed an answer reserving its defenses of prescription and failure to timely serve defendant under Louisiana law on August 13, 2007(rec. docs. 1-4 and 2). Defendant, thereafter, moved to dismiss plaintiffs' petition under Fed. Rule Civ. P. 12(b)(6) due to plaintiffs' failure to timely serve defendant, which is currently before the Court for review (rec. doc. 3).

## Argument of Parties

Defendant argues that because plaintiffs failed to timely serve it with the petition within ninety (90) days of filing suit, pursuant to the Louisiana Long Arm Statute, Louisiana law mandates that plaintiffs' suit be dismissed (rec. doc. 4). Additionally, defendant argues that plaintiffs were in bad faith in failing to request service within ninety days of filing suit; therefore, their suit does not interrupt prescription on their claims. Id. Defendant believes plaintiffs' claims should be dismissed as prescribed according to La. R.S. 9:5801.

Plaintiffs argue that defendant's motion is improperly labeled and should be filed under Rule 12(b)(5) for insufficient service of process as opposed to 12(b)(6) for failure to state a claim upon which relief can be granted (rec. doc. 8). Plaintiffs claim that their

petition clearly sets forth their claims for damages, especially in light of the fact that they are *pro se* litigants, who should be held to a less strict standard than attorneys in drafting pleadings. Id. Additionally, plaintiffs argue that defendant waived its motion to dismiss by answering plaintiffs' petition prior to filing its motion. Id.

Although plaintiffs admit that they did not properly serve defendant pursuant to the Louisiana Long Arm Statute within ninety days of filing suit, they argue that they had "good cause" for not doing so, which would prevent dismissal of their case. Plaintiffs claim that they failed to mail the certified copy of the citation and the petition to the defendant because they are *pro se* litigants were unaware of the rule and because Mr. Hutchinson was diagnosed with cancer shortly after plaintiffs filed suit. Id.

Even if the Court finds that plaintiffs did not have "good cause" for their failure to timely serve defendant and dismisses their petition, plaintiffs argue that they were not in bad faith in failing to timely request service; therefore, their petition interrupted prescription on their claims against defendants. Id.

**Applicable Law**

Because this matter is before the Court based on diversity jurisdiction, the Court is bound to apply the substantive law of Louisiana. *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). Plaintiffs served defendant pursuant to the Louisiana Long Arm Statute prior to the time defendant removed this matter to this Court. This Court must apply Louisiana law to determine the validity of service made in state court prior to removal. *Freight Terminals Inc. v. Ryder System, Inc.,* 461 F.2d 1046, 1052 (5th Cir. 1972); see also

*Sal Ciolino & Associates v. First Extended Service Corp.,* 156 Fed. Appx. 621, 622 (5th Cir. 2005).[1]

The Louisiana Code of Civil Procedure requires that a plaintiff request service of the citation on all named defendants within ninety (90) days of commencement of the action. See La. Code Civ. P. Art. 1201(C).  In order to properly serve a defendant who is a non-resident of the State of Louisiana, plaintiff must also comply with the Louisiana Long Arm Statute, La. R.S. 13:3201, *et seq.*, which specifically provides as follows:

> A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

La. R.S. 13:3204(A).

When it is the plaintiff's obligation to issue a certified copy of the citation and petition to the defendant under La. R.S. 13:3204, the plaintiff must mail the citation and petition within ninety days of commencement of the action in order to give purpose to the language

---

[1] The instant case is distinguishable from cases in which the ninety-day period for service under state law has not expired at the time of removal or cases in which a suit is removed after expiration of the ninety-day period, but prior to the time service is made.  In both of these cases, federal law, specifically Fed. R. Civ. P. 4(m), would govern a time limit for service.  Federal law provides:
> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defected, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. §1448; *see also* Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.")

of La. Code. Civ. P. Art. 1201(C). *Hugh Eymard Towing, Inc. V. Aeroquip Corp.,* 776 So.2d 472 (La. App. 5 Cir. 6/27/00).

If the petition is not served within ninety days, La. Code Civ. P. Art. 1672(C) requires that the action be involuntarily dismissed, without prejudice, unless good cause is shown why service could not have been timely requested. La. Code Civ. P. Art. 1672 (C). "Good cause" is not defined in La.Code Civ. P. art. 1672(C). However, appellate courts have concluded that mere confusion regarding a party's correct name or inadvertence in requesting service on the part of plaintiff's counsel is not a sufficient basis for good cause. See *Norbert v. Loucks*, 791 So.2d 1283, 1285 (La. 2001), citing *Patterson v. Jefferson Davis Parish School Board*, 773 So.2d 297 (La.App. 3rd Cir.12/6/00); *Lewis v. Spence*, 772 So.2d 354 (La.App. 3rd Cir.11/2/00). In the absence of "good cause," La. Code Civ. P. Art. 1672 (C) mandates dismissal, without prejudice, of the petition. See *Jacobs v. Louisiana Farm Bureau Ins. Co.*, 815 So.2d 858, 862 (La. App. 3rd Cir. 2001). Louisiana, as a matter of policy, commands strict adherence to articles 1201(C) and 1672(C). *Johnson v. Brown*, 851 So.2d 319 (La. App. 4 Cir. 6/25/03).

In 1997, when the Louisiana legislature enacted La. Code Civ. P. Art. 1672 (C), it also enacted La. R.S. 9:5801, which provides as follows:

> Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.

La. R.S. 9:5801.

This statute prevents plaintiffs from benefitting from the interruption of prescription if the failure to timely request service is motivated by bad faith. See *Bordelon v. Medical Center of Baton Rouge*, 871 So.2d 1075 (La. 2003); *Jacobs*, 815 So.2d at 816. However, pursuant to La.R.S. 9:5801, unless the record indicates that the failure to timely request service was due to bad faith, filing a lawsuit interrupts prescription, even if service was not timely perfected. The absence of "good cause" for failure to timely request service under La. Code Civ. P. Art. 1672 (C) is not equivalent to a finding of "bad faith" for purposes of La. R.S. 9:5801. See *Futrell v. Cook,* 805 So.2d 325, 329 (La. App. 4th Cir. 2001). The court must make specific factual findings of bad faith in order to grant an exception of prescription under La. R.S. 9:5801. Id.

## Discussion

Plaintiffs raise several procedural grounds for the denial of defendant's motion to dismiss, including that defendant should have filed a motion to dismiss for insufficiency of service of process under Rule 12(b)(5) and that the motion is waived by defendant's filing an answer prior to filing its motion to dismiss (rec. doc. 8). Regardless of what defendant titled its motion to dismiss, it is clear from the pleadings that defendant seeks dismissal based on plaintiffs' failure to timely serve the citation and petition within the ninety days of filing suit. Defendant filed its answer to plaintiffs' petition prior to filing its motion to dismiss, and set forth the following affirmative defenses in the answer:

> Plaintiffs failed to attempt serve on defendant and therefore the claim has prescribed under Louisiana law. Plaintiffs are required to attempt service within 90 days within the filing of the lawsuit.
>
> (rec. doc. 2, p. 2).

Both Fed. Rule Civ. P. 12 and Louisiana law provide that a motion seeking dismissal based on plaintiffs' failure to timely serve defendant may be filed prior to or after an answer if the answer raises the deficiency in service as a defense. See Fed. R. Civ. P. 12(h)(1); *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988); *Filson v. Windsor Court Hotel*, 907 So.2d 723, 729-730 (La. 6/29/05)[2]. By preserving the defenses of insufficiency of service and prescription in its answer, defendant did not waive its right to bring a subsequent motion to dismiss.

It is undisputed that plaintiffs did not mail the certified copy of the citation and the petition to the non-resident defendant as required by La. R.S. 13:3204(A) within ninety days of filing suit on March 31, 2005 (rec. doc. 8). Neither of plaintiffs' proffered reasons for why they failed to timely serve defendant constitute "good cause." Plaintiffs, as pro se litigants, assume all responsibility for their own inadequacies and lack of knowledge of procedural and substantive laws. *Ledbetter v. Wheeler*, 722 So.2d 382 (La. App. 2nd Cir. 1998); Dixon v. Shuford, 28,138 (La. App.2d Cir.4/03/96), 671 So.2d 1213. The Fifth Circuit has held that a *pro se* plaintiff's lack of knowledge of service procedures does not constitute "good cause." *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir. 1988).

Additionally, although plaintiffs allege that Mr. Hutchinson's cancer prevented them from focusing on this litigation, they did ultimately retain counsel to represent them in this

---

[2]The Louisiana Supreme Court has explained that, "[w]hen a defendant objects to a failure to request service within 90 days, he is not objecting because the service is "insufficient;" rather, it is either non-existent or it is untimely. *Filson v. Windsor Court Hotel*, 907 So.2d 723 (La. 6/29/05). Pursuant to Louisiana law, the motion for involuntary dismissal is the proper procedure by which to seek a dismissal of an untimely served suit, and the motion for involuntary dismissal need not be filed prior to or along with the answer, and may be filed after the answer and discovery requests, as long as the answer does not contain an express waiver fo the 90-day service requirement. *Filson*, 907 So.2d at 729-730.

matter, and they offer no explanation as to why they were prevented from retaining counsel at an earlier time. The record reflects that more than a year passed between the date the suit was originally filed (March 31, 2006) and the date the defendant was finally served (July 23, 2007). While plaintiffs have shown inadvertence and mistake, they have not shown "good cause" under Louisiana law for their failure to timely serve defendant within ninety days; therefore, it is recommended that their claims be dismissed, without prejudice, pursuant to La. Code Civ. P. Arts. 1201(C) and 1672(C).

Defendant also (and primarily) seeks a determination that plaintiffs' claims have prescribed pursuant to La.R.S. 9:5801. Defendant has a higher burden for dismissal of a case with prejudice. Defendant is required to prove that plaintiffs were in "bad faith" in failing to timely serve defendant. Defendant argues that plaintiffs' failure to request service for more than a year is "bad faith" *per se* (rec. doc. 4). The lack of good cause to delay service, however, does not equate to a finding of bad faith. Other than the fact that these pro se plaintiffs did not understand and failed to timely mail the certified copy of the citation and petition, defendant offers no other evidence to support "bad faith." The term "bad faith" has been interpreted to mean more than just bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives. See Coker v. Morris, 855 So.2d 916 (La. App. 2nd Cir. 9/24/03). Failing to follow through with all the details of service and being distracted by the contraction of cancer do not constitute bad faith. The evidence submitted by the defendant does not imply that plaintiffs had a "sinister motive" in failing to timely serve defendant. Id. Because plaintiffs were not in bad faith in failing to timely request service, their March 31, 2006, petition for damages interrupted prescription on their claims against defendant.

Accordingly,

**IT IS RECOMMENDED** that defendant's motion to dismiss under Rule 12(b)(6)(rec. doc. 3) should be **GRANTED IN PART**, and **DENIED IN PART** as follows:

1) Plaintiffs' complaint should be dismissed, without prejudice, pursuant to La. Code Civ. P. Arts. 1201(C) and 1672(C); and

2) To the extend that defendant's motion seeks a dismissal with prejudice, based on a finding that prescription has not been interrupted due to bad faith failure to timely request service, the motion should be **DENIED.**

Signed in Baton Rouge, Louisiana, on March 11, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH LYNNE HUTCHINSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-574-JVP-DLD** |
| **DOLGENCORP, INC.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 11, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**